GLD-251                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1923
_____

YASSIN HAYTHAME MOHAMAD,
Appellant

v.

BARRY SMITH, Lieutenant in his own capacity; STEPHEN BEST,
Correctional Officer in his own capacity;
ROBERT DICK, Correctional Officer 1 in his own capacity; THOMAS
BOGARDUS, Sergeant in his own capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-00943)
District Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before: FUENTES, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: August 16, 2012)
_____

OPINION
_____

PER CURIAM

Pro se appellant Yassin Haythame Mohamad appeals the District Court's order

granting defendants' motion for summary judgment. Because this appeal is legally

meritless, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

In November 2009, Mohamad, then an inmate at State Correctional Institution

("SCI") at Forest and now at SCI-Graterford, filed a complaint against prison personnel

alleging violations of his First, Eighth, and Fourteenth Amendment rights, as well as his

rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42

U.S.C. §§ 2000cc et. seq. Mohamad alleged that, in attempting to take his photograph for

his prison identification in December 2007, defendants treated him roughly and took his

kufi in violation of his rights. In a later filing he requested injunctive relief in the form of

his removal from SCI-Forest on account of perceived threats against him from prison

personnel.

Defendants moved for summary judgment and showed the following. Defendant

Smith was supervising Defendants Best and Bogardus as they escorted Mohamad from

the Restricted Housing Unit ("RHU") so that he could be photographed. Defendant Dick

was responsible for recording the events on video, in conformance with the movement

restrictions imposed on Mohamad as a result of his history of assaultive behavior.

Pursuant to Department of Corrections ("DOC") policy that no head gear be worn in

inmate identification photographs, Smith removed Mohamad's kufi, at which point

Mohamad repeatedly stated that he would not allow his photograph to be taken and

2

bowed and turned his head. Smith and Best consequently became concerned that Mohamad would spit on them, because pursuant to the movement restrictions a spit shield was normally required when Mohamad had contact with guards, but he was not wearing it for the photograph. Best attempted to restrain Mohamad's head in an effort to shield himself and to allow the photograph to be taken. Mohamad continued to turn his head. Defendants asserted that Mohamad then pushed back into Best, knocking him off balance, and Best attested that he felt Mohamad's hands trying to grab him. At that point defendants brought Mohamad to the floor. When he was brought under control, he was brought to his feet and the spit shield was placed on him; he was then escorted back to the RHU. A medical assessment conducted immediately after the incident shows Mohamad received no injury and needed no treatment. The District Court granted defendants' motion for summary judgment because Mohamad had not filed a response indicating that there was a genuine dispute as to any material fact with respect to any of his claims.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of orders granting summary judgment is plenary. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). We review the denial of injunctive relief for abuse of discretion but we review underlying factual findings for clear error, and our review of legal conclusions is plenary. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). Because Mohamad is proceeding in forma pauperis, we must dismiss the appeal if it is entirely without legal merit. 28 U.S.C. § 1915(e)(2)(B).

3

A party moving for summary judgment must show that there exists no real issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On appeal from an order granting a motion to dismiss or for summary judgment, we view the facts in the light most favorable to the nonmoving party, Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002), but the party opposing summary judgment "may not rest upon . . . mere allegations." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). We agree with the District Court that defendants showed that there is no genuine dispute as to any material fact with respect to any of Mohamad's claims against them.

III.

The standard to evaluate whether prison authorities' use of force is cruel and unusual is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 6-7 (1992). The factors a court must consider to determine this are (1) the need to apply force; (2) the relationship between the need and amount of force used; (3) the degree of injury meted out; (4) the extent of the threat to the staff and inmate safety, as reasonably perceived by the responsible officials based on subjectively known facts; and (5) any efforts made to mitigate the severity of a forceful response. Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009). The District Court scrupulously applied these factors and determined that defendants showed, through a variety of evidence including misconduct records and digital video recordings of his behavior, that Mohamad had a history of threatening and assaultive behavior, and that on the occasion in question he

4

repeatedly resisted attempts to take his photograph and apparently physically backed in to one of the defendants. Mohamad offered no evidence suggesting defendants willfully plotted to use, or in fact used, any more force than was necessary or used force maliciously and sadistically.[1] Indeed, he even admitted that he had been resisting and that he told medical personnel immediately after the incident that he was "okay," and his filings include the results of an investigation finding that the unplanned use of force was in no way excessive.[2] Mohamad provided no basis for contesting the defendants' contention that they placed him on the floor to defuse an escalating situation in a good-faith effort to restore discipline.

Mohamad did little to explain his First Amendment claim, but the District Court reasonably construed it as a Free Exercise claim.[3] The District Court was likewise correct in its conclusion that defendants are entitled to qualified immunity concerning this claim. The qualified immunity doctrine protects government officials from liability for civil damages to the extent that their conduct does not infringe what a reasonable person would have known was a clearly established statutory or constitutional right. Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012). Defendant Smith showed that he acted pursuant to a DOC policy requiring that all head gear be removed when inmate identification photographs are taken; Mohamad could not remove it himself because he

---

[1] In his Concise Statement of Material Facts, Mohamad does offer Exhibit L, an unsworn declaration by fellow inmate Gary Banks, but this declaration merely describes the guards' handling Mohamad in conformance with his movement restrictions.
[2] Exhibit K in Mohamad's Concise Statement of Material Facts.
[3] Mohamad's appellate brief confirms that it is indeed a Free Exercise claim.

was restrained. Mohamad presented no evidence that Smith violated any protocol or any clearly established right by removing his kufi so that his photograph could be taken.

We also agree with the District Court that Mohamad cannot maintain a RLUIPA action for money damages against defendants in either their individual or official capacities, and that any claim for injunctive relief is moot.[4] The statute does not permit actions against state officials in their individual capacities. Sharp, 669 F.3d at 153. Moreover, the Eleventh Amendment bars claims for money damages against state officials acting in their official capacities absent the state's consent or Congressional abrogation. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In accepting federal funding, states do not waive their sovereign immunity to private suits for money damages under RLUIPA. Sossamon v. Texas, ___ U.S. ___, 131 S. Ct. 1651, 1663 (2011). Sovereign immunity thus bars Mohamad's claims for damages against defendants in their official capacities.

Furthermore, his claims for injunctive relief are moot because he is no longer an inmate at SCI-Forest and thus no longer interacts with the personnel he claimed were threatening him. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (transfer from the prison complained of generally moots equitable claims).

Mohamad did little to explain his Fourteenth Amendment claim, but the District Court reasonably construed it as an Equal Protection claim.[5] The District Court was likewise correct in its conclusion that defendants did not treat Mohamad differently from

---

[4] Mohamad's appellate brief "concedes to the Magistrate[']s findings with regard to his RLUIPA claims."

those similarly situated. <u>City of Cleburne, Tex. v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). Defendants showed that it was DOC policy that all head gear be removed for inmate identification photographs, and Mohamad provided nothing to show that others were permitted to wear head gear for their identification photographs.

IV.

Accordingly, this appeal is dismissed for want of legal merit.

------

[5] Mohamad's appellate brief confirms that it is indeed an Equal Protection claim.